```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,                :
          Plaintiff                 :
     v.                             : Civil Action No. 05-09J
FIRST NATIONAL BANK OF              :
PENNSYLVANIA,                       :
          Defendant                 :
```

Report and Recommendation

Recommendation

Pending is defendant's motion for summary judgment, docket no. 15. I recommend that it be granted.

Report

Plaintiff filed many pro se complaints against public accommodations in this area, claiming violations of Title III of the Americans with Disabilities Act, 42 U.S.C.§ 12101. In the above captioned complaint, plaintiff alleges that he is disabled and uses a wheelchair or crutches, and that defendant's parking lot (either the one at 575 Galleria Drive or the one at 2459 Bedford Street) does not have the required number of ADA compliant parking spaces. No further allegations of fact appear. The parties were ordered to file cross motions in support of their respective positions on the question of plaintiff's standing to bring a Title III claim on the facts alleged in the complaint. Defendant filed the pending motion on September 28, 2005; plaintiff has not filed anything.

Title III of the ADA, 42 U.S.C.§ 12182(a)(1), and (2)(iii), provides in part:

a) General rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

\*\*\*
(2) Specific prohibitions
(A) Discrimination
For purposes of subsection (a) of this section, discrimination includes--
\*\*\*
(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]

To state a claim under Title III of the ADA, a plaintiff must allege that he has suffered some concrete and particularized injury, see <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992), separate and apart from the state of the world in general, due to his disability. A person with a disability does not have standing to raise ADA claims which do not relate to his disability. <u>See</u> <u>Clark v. McDonald's Corp.</u> 213 F.R.D. 198, 230 (D.N.J.2003)(a paraplegic has standing to challenge a restaurant's access features but not its lack of Braille menus). Under Title III of the ADA, a legal injury is "a real and immediate threat that a particular (illegal) barrier will cause future harm." <u>Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc.</u>, 405 F.3d 60, 64 (1st Cir.2005), <u>quoting</u> <u>Dudley v. Hannaford Bros. Co.</u>, 333 F.3d 299, 305 (1st Cir.2003). <u>See</u> <u>also</u> <u>Pickern v. Holiday Quality Foods, Inc.</u>, 293 F.3d 1133, 1138 (9th Cir.2002).

Plaintiff does not allege that he will suffer harm from the state of the defendant's parking lots, nor does he even allege that he ever suffered harm there. Simply alleging his disability and defendant's deficiency in complying with the ADA is not enough

2

to confer standing. As I have stated many times in similar Reports and Recommendations, if the ADA hypothetically required a defendant to have four handicap parking spots and defendant provided only three, a plaintiff can suffer no legal injury and has no standing to challenge the lack of the fourth spot unless the first, second, or third spots were already occupied (by other disabled persons properly using the spots) on a particular occasion, and the lack of a fourth spot deterred him in fact from using defendant's public accommodation, and there is a reasonable likelihood that this will happen in the future. The pleadings contain no such allegations. Judgment should be entered for the defendant.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 9 November 2005

_____
Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

Jaime S. Tuite, Esquire
One Oxford Center, 20th Floor
301 Grant Street
Pittsburgh, PA 15219